**Affirmed and Opinion Filed March 1, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00879-CV**

**IN THE INTEREST OF M.M.S. AND N.A.S., MINOR CHILDREN**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-21-01219-X**

# MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Miskel

Mother appeals the trial court's judgment terminating Mother's and unknown Fathers' parental rights to two of Mother's children. In her sole issue on appeal, she argues the evidence is legally and factually insufficient to support that the termination of her parental rights was in the best interest of the children. We affirm the trial court's judgment.

## I.    Factual and Procedural Background

The following facts are based on the pleadings, documents filed with the trial court, and evidence adduced during the trial.

In December 2021, the Texas Department of Family and Protective Services (the Department) received a report that Mother, who was pregnant with N.A.S. and

taking Methadone, left a drug rehabilitation facility with M.M.S., an infant, without being discharged and having previously indicated during meetings that she intended to continue using drugs upon her discharge. Mother also admitted to smoking crack cocaine after she left the drug rehabilitation facility while M.M.S. was in her care, and she had a prescription for Xanax that had been filled the day before with only forty of the sixty pills remaining in the bottle. Because Mother could not provide a placement option and M.M.S.'s maternal grandmother and maternal aunt stated they were also unable to care for the child, M.M.S. was removed from her care and placed in the foster care system.

Later in December, the Department filed a petition for protection of a child, for conservatorship, and for termination in a suit affecting the parent-child relationship with respect to M.M.S. On the same day, the trial judge signed an ex parte order for emergency care and temporary custody that named the Department temporary managing conservator of M.M.S., found that continuation of the child in the home was contrary to the welfare of the child, and set the matter for hearing in January. The hearing was reset and the ex parte order was extended.

In February 2022, after a hearing, the trial judge signed a temporary order that, among other things, named the Department temporary managing conservator of M.M.S., appointed Mother temporary possessory conservator, and ordered Mother to complete the following services: parenting classes, psychological evaluation, counseling, drug and alcohol assessment, random drug and alcohol urinalysis or hair

strand tests, and to comply with the recommendations made by any of the providers of the foregoing services as arranged and paid for by the Department. The temporary order also required Mother's visitation with M.M.S. to be supervised by the Department.

During these proceedings relating to M.M.S., N.A.S. was born. At the time of N.A.S.'s birth, N.A.S. tested positive for cocaine and showed symptoms of withdrawal so N.A.S. remained in the hospital for twenty days. Approximately a week before N.A.S. was born, Mother tested positive for marijuana, benzodiazepines, and cocaine. The day after N.A.S. was born, Mother tested positive for cocaine and opiates. N.A.S. was placed in foster care at the same home as M.M.S. in July 2022, when N.A.S. was released from the hospital. The next day, the Department filed its first amended petition adding N.A.S. to the case.

The Department obtained DNA testing for the man whom Mother identified as the children's alleged father but he was excluded as the biological father of the children. At the time of the trial, no other individual had come forward to claim paternity of either child, and any unknown fathers were served by publication.

A trial was held on June 8, 2023. Mother appeared through her attorney but did not attend the trial in person. The trial court heard the unobjected-to testimony of the caseworker assigned to M.M.S. and N.A.S. and a court appointed special advocate (CASA) volunteer. At the conclusion of the trial, the guardian ad litem also recommended that it was in the children's best interest for Mother's parental

rights to be terminated. Mother's attorney did not offer any evidence at trial. On August 21, 2023, the trial judge signed a judgment that found:

(1) Mother knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children pursuant to § 161.001(b)(1)(D) of the Texas Family Code,

(2) Mother engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children pursuant to § 161.001(b)(1)(E) of the Texas Family Code, and

(3) Termination of the parent-child relationship between Mother and the children was in the best interest of the children,

and terminated Mother's and the unknown fathers' parental rights to M.M.S. and N.A.S.

## II. Legal and Factual Sufficiency of the Evidence

In issue one, Mother argues the evidence is legally and factually insufficient to support that the termination of her parental rights was in the best interest of the children because there is no credible evidence supporting that determination. She maintains that the evidence shows she completed the court-ordered services, but concedes that she did not complete the subsequent recommendations. She also contends that there is no evidence that undermines her parental abilities or testimony relating to programs that could assist her. The Department responds that Mother does not contest the trial court's findings as to the grounds for termination under § 161.001(b)(1)(D) and (E); Mother only challenges the trial court's determination that termination of her parental rights was in the best interest of the children. It

maintains that, while proof of acts or omissions under § 161.001(b) does not relieve it from proving the best interest of the children, the same evidence may be probative of both issues.

## A.    Standard of Review

Our standards of review reflect the elevated burden of proof at trial in a parental termination case of clear and convincing evidence. *In re N.T.*, 474 S.W.3d 465, 475 (Tex. App.—Dallas 2015, no pet.). Under both legal- and factual-sufficiency standards, an appellate court considers all the evidence, defers to the fact-finder's determinations as to witness credibility, and determines whether the fact-finder could reasonably form a firm belief or conviction that the grounds for termination were proven. *Id.*; *see also In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (describing the fact-finder as "the sole arbiter when assessing the credibility and demeanor of witnesses"). The distinction between the two standards lies in the extent to which an appellate court may consider disputed evidence contrary to a finding. *In re A.C.*, 560 S.W.3d 624, 630 (Tex. 2018).

In a legal-sufficiency review, an appellate court credits evidence that supports the finding if a reasonable fact-finder could have done so, and it disregards contrary evidence unless a reasonable fact-finder could not have done so. *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014). However, an appellate court does not disregard undisputed facts that do not support the finding. *Id.* at 113. Even evidence that does more than raise surmise and suspicion will not suffice as clear and convincing unless

it can produce a firm belief or conviction that the allegation is true. *Id.* If no reasonable fact-finder could form a firm belief or conviction that the allegation is true, the evidence is legally insufficient. *Id.*

In a factual-sufficiency review, by contrast, an appellate court must weigh disputed evidence contrary to the finding against all the evidence that supports the finding. *In re A.C.*, 560 S.W.3d at 631. Evidence is factually insufficient if, in light of the entire record, the disputed evidence a reasonable fact-finder could not have credited in favor of a finding is so significant that the fact-finder could not have formed a firm belief or conviction that the finding was true. *Id.*

Although an appellate court's review must be "exacting," in light of the constitutional interests at stake, it must not be so rigorous as to require, in effect, proof beyond a reasonable doubt. *In re T.J.*, No. 05-22-00954-CV, 2023 WL 1988838, at *3 (Tex. App.—Dallas Feb. 14, 2023, no pet.) (mem. op.).

## B. Applicable Law

Because terminating parental rights implicates fundamental interests, the clear and convincing standard of proof applies at trial in termination cases. *In re A.B.*, 437 S.W.3d at 502. "Clear and convincing evidence" is the measure or degree of proof that will produce in the fact-finder's mind a firm belief or conviction as to the truth of the allegations to be established. TEX. FAM. CODE ANN. § 101.007. A trial court may terminate a parent-child relationship if it finds by clear and convincing evidence (1) that there is one or more statutory grounds for termination defined in

–6–

Texas Family Code § 161.001(b)(1)(A)–(T), and (2) that termination is in the child's best interest pursuant to § 161.001(b)(2).

Non-exclusive factors relevant to the best-interest determination include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) the present and future emotional and physical danger to the child; (4) the parent's parental abilities; (5) the programs available to assist a parent to promote the child's best interest; (6) the parent's plans for the child; (7) the stability of the home; (8) the parent's acts or omissions that may indicate the parent-child relationship is not a proper one; and (9) any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). A best-interest finding need not be supported by evidence of every *Holley* factor, particularly if there is undisputed evidence that the parental relationship endangered the child's safety. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence of § 161.001(b)(1) termination grounds may also be probative of a child's best interest. *See id.* at 28.

## C. The Evidence Is Sufficient to Support the Trial Court's Determination that Termination of Mother's Parental Rights was in the Best Interest of the Children

On appeal, Mother challenges only the trial court's finding that termination is in the children's best interest pursuant to § 161.001(b)(2). The record shows that Mother failed to appear in person at trial; only Mother's counsel was present. Mother's counsel did not call any witnesses or offer any exhibits into evidence.

The testimony at trial showed that Mother admitted to using drugs while M.M.S was still in her care, and N.A.S. tested positive for cocaine at birth and experienced withdrawal symptoms. *See* FAM. § 161.001(a). The children were infants at the time of trial.

After the proceedings commenced, Mother was ordered to complete parenting classes, a psychological evaluation, individual counseling, and a drug assessment. She was also required to submit to random drug testing. She completed the classes, evaluation, counseling, and assessment, but her compliance with the drug testing was inconsistent due to her failure to show up at times. Further, she tested positive on at least three drug tests during the pendency of the case. Despite completing the required initial services, Mother failed to complete the additional recommendations that she have an additional twelve sessions of individual counseling and an additional ninety days in a treatment program.

Mother's visitation with the children was inconsistent, with her missing at least five visits in the months between March 2023 and the June trial. Mother's visitation was scheduled for a two-hour period, but she would arrive late and she usually stayed in the visitation room for only thirty minutes to an hour. Mother did attend visitation with the children the week before trial but did not contact the Department for visitation during the week of trial. Further, at the time of trial, the Department did not know Mother's current living location, Mother did not have a

job the last time the caseworker spoke with her, and the Department had concerns about Mother's ability to care for herself.

The children's fathers were unknown and DNA testing excluded the man Mother had identified as the children's father. The children's maternal grandmother was not able to be a caregiver due to her age, and their maternal aunt was unable to assist with the children, noting that most of the family had either mental health issues or substance abuse issues.

We conclude that a reasonable fact-finder could form a firm belief or conviction that termination of Mother's parental rights was in the best interests of M.M.S. and N.A.S. And the record does not contain disputed evidence a reasonable fact-finder could not have credited so significant that the fact-finder could not have formed that firm belief or conviction. Accordingly, the evidence supporting the trial judge's finding that termination of the parent-child relationship between Mother and the children was in the best interest of the children is both legally and factually sufficient.

Issue one is decided against Mother.

## III.    Conclusion

The evidence is legally and factually sufficient to support the trial court's judgment.

We affirm the trial court's final decree order of termination on judgment on verdict of the Court.

230879f.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.M.S. AND N.A.S., MINOR CHILDREN,

No. 05-23-00879-CV     V.

On Appeal from the 305th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC-21-01219-X.
Opinion delivered by Justice Miskel. Justices Goldstein and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 1st day of March, 2024.